# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **IRA ALSTON**, ) | |
| ) | |
| Plaintiff, ) | Case No. 7:22CV00234 |
| ) | |
| v. ) | **OPINION** |
| ) | |
| **A. DAVID ROBINSON, ET AL.**, ) | JUDGE JAMES P. JONES |
| ) | |
| Defendants. ) | |
| ) | |

*Ira Alston, Pro Se Plaintiff.*

Ira Alson, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging that the defendant prison officials created rules or made decisions that have denied Alston the ability to conduct private telephone calls with "his legal aids or legal professionals." Compl. 2, ECF No. 1. The court granted Alston an opportunity to amend his Complaint to correct certain noted pleading deficiencies, but he has failed to do so. Upon review of the record, I find that the action must be summarily dismissed for failure to state a claim.

When Alston filed his Complaint, he was confined at River North Correctional Center ("River North"). Alston's allegations are sparse:

> By Virginia D.O.C. Rule created by Defendant Robinson, the Plaintiff, Ira Alston, is denied private telephone calls with his legal aids or legal professionals.

> All other defendants have and continue to deny the Plaintiff the right to communicate by phone with his legal aids and/or legal professionals by their de-activation of the plaintiff inmate telephone PIN number and the denial of plaintiff [sic] use of the facility administrative telephone to place a legal call.

*Id.* Alston names as defendants Robinson and seven other individual officers at River North and at Pocahontas State Correctional Center. As relief, he seeks monetary damages and unspecified injunctive and declaratory relief.

Section 1983 permits an aggrieved party to file a civil action against a person for actions taken under color of state law that violated his constitutional rights. *Cooper v. Sheehan*, 735 F.3d 153, 158 (4th Cir. 2013). The court is required to dismiss any action or claim filed by a prisoner against a governmental entity or officer if the court determines the action or claim is frivolous, malicious, or fails to state a claim on which relief could be granted. 28 U.S.C. § 1915A(b)(1). Plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level," to one that is "plausible on its face," rather than merely "conceivable." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).

In a § 1983 case, "liability will only lie where it is affirmatively shown that the official charged acted personally in the deprivation of the plaintiff[']s rights." *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977).[1] "Where a complaint alleges

---

[1] I have omitted internal quotation marks, alterations, and/or citations here and throughout this Opinion, unless otherwise noted.

no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints." *Lewis-Bey v. Wilson*, No. 3:17CV763, 2019 WL 4889261, at *3 (E.D. Va. Oct. 3, 2019).

Alston's Complaint lists individuals as defendants, but it does not describe what action each defendant took in violation of his rights. Thus, he has not demonstrated the necessary personal action and causation required for a § 1983 claim against them.

More importantly, Alston has not demonstrated that being unable to make telephone calls to his legal aids or legal professionals violated his constitutional rights in any way, so as to present a claim actionable under § 1983. Inmates have a constitutional right to meaningful access to the courts, and persons acting under the color of state law may not abridge, impair, or impermissibly burden an inmate's ability to exercise this right to access. *Bounds v. Smith*, 430 U.S. 817, 821 (1977); *Talbert v. Jabe*, No. 7:07-CV-00450, 2007 WL 3339314, at *6 (W.D. Va. Nov. 8, 2007). "[W]hen an inmate has had access to court, but alleges that officials deprived him of some item necessary for meaningful pursuit of his litigation . . . , the inmate must allege facts showing actual injury or specific harm to his litigation efforts resulting from denial of the item." *Id*. (citing *Lewis v. Casey*, 518 U.S. 343, 355

(1996). An inmate may assert a colorable § 1983 claim when a defendant denies him access to his attorney, but only if the inmate suffered actual injury or specific harm to his litigation efforts resulting from that denial. *Murray v. Keller*, No. 5:10-CT-3038-FL, 2011 WL 4443143, at *6 (E.D.N.C. Sept. 23, 2011) ("In order to state a claim for denial of access to the courts, the inmate must show actual injury or that a defendant's conduct hindered his efforts to pursue a legal claim."). Actual injury requires the inmate to "demonstrate that his nonfrivolous, post-conviction or civil rights legal claim has been frustrated or impeded." *Jackson v. Wiley*, 352 F. Supp. 2d 666, 679–80 (E.D. Va. 2004). Indeed, the key element of access to courts claim is "whether [plaintiff] adequately identified a nonfrivolous underlying claim." Fox v. N.C. Prison Legal Servs, 751 F. App'x 398, 400 (4th Cir. 2018) (unpublished) (citing *Christopher v. Harbury*, 536 U.S. 403, 413–16 (2002)). Alston fails to identify any nonfrivolous legal claim that he was unable to pursue because he did not have the access he desired to conduct private legal calls to his legal aids or professionals.

For the reasons stated, I will summarily dismiss this action pursuant to § 1915A(b)(1), for failure to state a claim upon which relief could be granted.[2]

A separate Final Order will be entered herewith.

---

[2] I note that shortly after Alston filed this case, he notified the court that he had been transferred to a prison in Connecticut. His claims for injunctive relief against the defendants are thus moot. *Rendelman v. Rouse*, 569 F.3d 182, 186 (4th Cir. 2009).

-5-

DATED:   September 14, 2022

/s/  JAMES P. JONES
Senior United States District Judge